**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-01241 MMM (JWJx) | Date | July 20, 2009 |

| | |
|---|---|
| Title | *Thomas Robert Klein et al. v. Federal Deposit Insurance Corporation* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **Order Dismissing Action for Failure to Comply with Court Orders**

On November 4, 2008, *pro se* plaintiffs Thomas R. and Patsy H. Klein commenced this action against the FDIC. The Kleins apparently allege that $39,306.54 of the family trust funds held in an IndyMac account should have received FDIC insurance coverage. It appears that the Kleins received notice from the FDIC that some portion of their IndyMac trust funds were uninsured and that they provided additional documentation to the FDIC in an attempt to secure payment of those funds. These efforts were unavailing, as the FDIC affirmed its initial insurance coverage determination in a letter on September 5, 2008. Thereafter, the Kleins filed this action; they did not, however, file a complaint.[1]

The FDIC filed a motion to dismiss on May 6, 2009. Despite the fact that the court provided instructions regarding how they might oppose the motion, plaintiffs failed to file opposition. On June 17, 2009, the court issued an order directing the Kleins to file an amended pleading that satisfied Rule 8(a) of the Federal Rules of Civil Procedure by June 30, 2009. As of the date of this order, no amended pleading has been filed. Consequently, the court dismisses plaintiffs' action with prejudice.

---

[1]The Kleins did not file a complaint, but commenced suit by filing the following documents: (1) a copy of a March 14, 1994 trust agreement into which they entered ("the Klein Trust"); (2) an October 29, 2008 letter from Lori Kern, who appears to be a Klein family friend, which asks that the court grant the requested relief ("Kern letter"); (3) a September 5, 2008 letter from the FDIC to Mr. Klein, advising that its initial insurance deposit determination "must stand" ("FDIC letter"). The Kleins also filed a civil cover sheet.

## II. DISCUSSION

Rule 41(b) permits courts to dismiss an action *sua sponte* for failure to comply with a court order. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) ("The authority of a court to dismiss sua sponte . . . has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs. . . . It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition"); *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (holding that district court did not abuse its discretion in *sua sponte* dismissing a complaint for failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming a lower court's dismissal for failure to follow court orders).

Where, as here, a plaintiff whose pleading has been dismissed with leave to amend takes no action, the Ninth Circuit has held that the appropriate response is the sanction of a Rule 41(b) dismissal. See, e.g., *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("*Yourish* and *Ferdik* both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*. In that situation, resources continue to be consumed by a case sitting idly on the court's docket. The failure of the plaintiff eventually to respond to the court's ultimatum – either by amending the complaint or by indicating to the court that it will not do so – is properly met with the sanction of a Rule 41(b) dismissal. . . . Hence we understand the *Ferdik-Yourish* rule to require a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's *inaction*. When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment" (citations omitted)); see also, e.g., *Grubb v. Hernandez*, No. ED CV 06-00807 SJO (AJW), 2009 WL 1357411, *4 (C.D. Cal. May 1, 2009) ("Plaintiff has not clearly made and communicated an affirmative choice to stand on his dismissed complaint and forgo amendment. Therefore, under the reasoning of *Edwards*, dismissal of this action with prejudice under Rule 41(b) is appropriate").

Involuntary dismissal with prejudice is appropriate when a majority of the following factors favor dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik*, 963 F.2d at 1260–61. Here, these factors weigh in favor of dismissal with prejudice.

The first *Pagtalunan* factor – the public's interest in expeditious resolution of litigation – "always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citation omitted). As to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642. Plaintiffs' inattention to this action, and their non-responsive behavior (which includes their decision not to file opposition to defendant's motion to dismiss) indicates that they do not intend to prosecute this action

and that its continued presence on the court's docket will waste valuable resources. Thus, the second *Pagtalunan* factor also weighs in favor of dismissal with prejudice.

The third *Pagtalunan* factor considers whether "plaintiff's actions [have] impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id*. Courts have explained that "the risk of prejudice to the defendant is related to the plaintiff's reason in defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. A plaintiff's failure to offer an explanation for failure to amend is sufficient to establish prejudice. See, e.g., *Foster v. Jacquez*, No. CV 09-01406 JFW, 2009 WL 1559586, *3 (C.D. Cal. May 28, 2009) ("Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal," citing *Yourish*); *Grubb*, 2009 WL 1357411 at *2 ("In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay," citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994), in turn citing *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)). As noted, plaintiffs have provided no reason or explanation for their failure to amend. As a result, their inaction is impeding prompt resolution of this matter and this factor, too, weighs in favor of dismissal.

The fourth *Pagtalunan* factor, which examines the availability of less drastic alternatives, is neutral. On the one hand, the Ninth Circuit has explained that "dismissing [a] complaint with leave to amend [is] not a sanction in response to [p]laintiffs' failure to obey a court order. . . . Therefore, the district court's granting [p]laintiffs leave to amend [is] not a lesser sanction because they [have] not yet disobeyed the court's order." *Yourish*, 191 F.3d at 992; but see, e.g., *Grub*, 2009 WL 1357411 at *2 ("Plaintiff was given additional time to file a procedurally proper amended complaint after his second amended complaint was stricken, and he was warned that his failure to do so could lead to dismissal. This action cannot proceed without a complaint on file"). On the other hand, the plaintiffs' persistent silence in the face both of the court's order advancing the briefing schedule on defendant's motion to dismiss and providing information as to how to oppose it, and its order granting the motion with leave to amend indicates that there are no less drastic alternatives that are realistically available.

Finally, the fifth *Pagtalunan* factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." *Id*.

In spite of the fourth factor's neutrality and the fact that the fifth factor weighs against dismissal, the court concludes that, on balance, the *Pagtalunan* factors favor involuntary dismissal with prejudice in this case.

### III.  CONCLUSION

For the reasons stated, plaintiffs' action is dismissed with prejudice pursuant to Rule 41(b) for failure to comply with court orders. Each party shall bear its own costs and attorneys' fees.